IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE GILLMAN and FLORENCE BERKE GILLMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL RAKOUSKAS and ELAINE RAKOUSKAS,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-4619 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this diversity case, Plaintiffs George and Florence Gillman (hereinafter, "Plaintiffs") bring claims of gross negligence and loss of consortium against Defendants Michael and Elaine Rakouskas (hereinafter, "Defendants") arising from an automobile accident on the New Jersey Turnpike. Before the Court is an unopposed motion to dismiss brought by Defendants on the grounds that Plaintiffs fail to allege sufficient facts under Fed. R. Civ. P. 12(b)(6) to support their prayer for punitive damages. For the following reasons, the Court will grant Defendants' motion without prejudice.

    1.  **Factual and Procedural History.** Plaintiffs allege that while Mr. Gillman and a business associate were driving on the New Jersey Turnpike in the afternoon of June 4, 2014, Defendants' vehicle "[s]uddenly and without warning" violently

struck the right shoulder "and ricochet[ed] in the opposite direction towards [Mr. Gillman's] vehicle causing both vehicles to collide." (Compl. at ¶¶ 12-14.)  Mr. Gillman's vehicle "began to spin uncontrollably and then flip[ped] over so that [he] was left on the highway upside down." (Id. at ¶ 15.)  As a result, Mr. Gillman "sustained multiple injuries" and "had to be removed from the vehicle and taken from the scene to the hospital by ambulance." (Id. at ¶ 16.)  Mr. Gillman "suffered and continues to suffer severe personal injuries, pain and suffering, and loss of life's pleasures." (Id. at ¶ 19.)  This has included a disc herniation in his neck, a concussion, severe and consistent migraines resulting in nausea in his extremities, contusions, and cervical spondylosis. (Id. at ¶ 26.)

    2.   Plaintiffs filed their Complaint in the Superior Court of New Jersey, Burlington County on May 27, 2016, and Defendants properly removed the matter to this Court on July 29, 2016 pursuant to 28 U.S.C. § 1441(a) and (b). [Docket Item 1.] Plaintiffs allege gross negligence against Defendant Elaine Rakouskas in Count I of their Complaint and gross negligence against both defendants in Count II.[1]  Plaintiffs allege that

---

[1] Plaintiff Florence Gillman brings a separate loss of consortium in Count III.  She alleges that as the wife of Mr. Gillman, she "has in the past and will in the future be required to expend large sums of money for medical, hospital and nursing care for the alleviation of the suffering of Plaintiff and has in the

Defendants "were reckless in that they consciously and intentionally operated their vehicle in such a manner that they knew injury to another was probable and/or operated their motor vehicle with wanton and reckless disregard for the safety of others and in reckless disregard of the consequences of their acts." (Compl. at ¶ 31.)  Specifically, Plaintiffs allege that Defendants were reckless, careless, and negligent because they (1) failed to ensure their vehicle was fit to operate on the road, (2) failed to observe due care and precaution and failed to yield to an oncoming vehicle, (3) failed to properly signal and intent to turn, (4) failed to avoid distracting the operator of the vehicle, (5) failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle, (6) failed to keep a proper lookout for other vehicles lawfully on the roadway, (7) operating [their] vehicle into Plaintiff's lane of travel, (8) operating said vehicle would regard for the rights or safety of Plaintiff or others, (9) disregarding traffic lanes, patterns, and other devices, (10) failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles, (11) being inattentive to [their] duties as an operator of a motor

---

past and will in the future be deprived of the services of Plaintiff. (Compl. at ¶ 33.)

3

vehicle, (12) failing to be highly vigilant and maintain sufficient control of said vehicle and bring it to a stop on the shortest possible notice, and (13) in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial. (Id. at ¶ 33.)  Plaintiffs request compensatory and punitive damages in all three counts against Defendants.

3. Defendants filed the instant motion to dismiss the punitive damages claims, which was not opposed. [Docket Item 7]. The Court will decide this motion without holding oral argument pursuant to Rule 78, Fed. R. Civ. P.

4. **Standard of Review.**  Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4

5. A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id.  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Id.

6. **Discussion.** Defendants do not argue that the Complaint as a whole fails to state a claim upon which relief can be granted, but instead take issue with the nature of the damages Plaintiffs request, specifically punitive damages. Punitive damages are available under New Jersey law only if the plaintiff demonstrates that the defendant acted with the level of culpability required by the New Jersey Punitive Damages Act ("PDA"), N.J.S.A. 2A:15-5.09, et seq., see also Vibra-Tech

5

Engineers, Inc. v. Kavalek, 849 F. Supp. 2d 462, 499-500 (D.N.J. 2012).[2] Under the PDA, to recover punitive damages, the plaintiff must demonstrate "by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence." N.J.S.A. 2A:15-5.12(a). "'Actual malice' means an intentional wrongdoing in the sense of an evil-minded act." Id. "'Wanton and willful disregard' means a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." Id. As a result, circumstances of aggravation and outrage, beyond the simple commission of a tort, are required for an award of punitive damages. Dong v. Alape, 361 N.J. Super. 106, 117 (App. Div. 2003) (holding that plaintiff established prima facie case for punitive damages because driver of motor vehicle exhibited wanton and willful disregard for others). Defendants argue that Plaintiffs plead no facts indicating

---

[2] "Punitive damages" are defined as those awarded "because of aggravating circumstances in order to penalize and to provide additional deterrence against a defendant to discourage similar conduct in the future." N.J.S.A. 2A:15-5.10.

6

adherence to either the actual malice or the wanton or willful disregard standards.  The Court agrees.

    7.   Plaintiffs' Complaint, as currently plead, only states a claim for gross negligence as none of the facts outlined <u>supra</u> suggest any actual malice or intentional acts or omissions by Defendants.[3]  Statements such as Defendants "failed to observe due care and precaution," "failed to keep a proper lookout," "failed to be highly vigilant", and that Defendants were "inattentive to [their] duties" do not suggest any evil-minded act or a deliberate act or omission, and are therefore insufficient to state a claim for punitive damages. (Compl. at ¶¶ 25, 33).  The PDA is clear that Plaintiffs cannot obtain punitive damages "by proof of any degree of negligence <u>including gross negligence</u>." N.J.S.A. 2A:15-5.12(a)(emphasis added).  See <u>Huzinec v. Six Flags Great Adventure, LLC</u>, No. 16-2754, 2017 WL 44850, at *8 (D.N.J. Jan. 3, 2017)(dismissing Plaintiff's

---

[3] The New Jersey Supreme Court has recently clarified the distinctions within the "continuum" between gross negligence, recklessness, and willful misconduct. <u>Steinberg, Sahara Sam's Oasis, LLC</u>, 142 A.2d 742, 755 (N.J. 2016).  Gross negligence refers to a person's conduct "where an act or failure to act creates an unreasonable risk of harm to another because of the person's failure to exercise slight care or diligence." <u>Id.</u> at 754.  On the other hand, reckless conduct is a degree of culpability "greater than gross negligence" and is "the conscious disregard . . . to a known or obvious risk of harm to another." <u>Id.</u> at 755 (citations and internal quotation marks omitted).  Willful misconduct "implies an intentional deviation from a clear duty owed to another." <u>Id.</u>

7

request for punitive damages under the PDA because it alleged gross negligence); Smith v. Whitaker, 734 A.2d 243, 254 (N.J. 1999) ("Mere negligence, no matter how gross, will not suffice as a basis for punitive damages."). While Plaintiffs' Complaint does state that Defendants "consciously and intentionally operated their vehicle in such a manner that they knew injury to another was probable and/or operated their motor vehicle with wanton and reckless disregard for the safety of others and in reckless disregard of the consequences of their acts," this is a legal conclusion that the Court can ignore because Plaintiffs provide no factual support in their Complaint for this allegation. (Id. at ¶ 31.)[4]  Plaintiffs' Complaint is completely devoid of any facts that would allow the Court to reasonably infer that Defendants acted in a manner that could be classified as "actual malice" or a "wanton or reckless disregard" for others.  Accordingly, Defendants' motion to dismiss Plaintiffs' prayer for punitive damages is granted.[5]  The prayer for punitive damages will be dismissed.

---

[4] The PDA does not appear to prevent recovery of punitive damages based on recklessness or any other higher level in the continuum described in Steinberg, supra n. 3.

[5] The Court understands that an assessment of whether Defendants' actions were wantonly reckless or malicious "is a fact-specific inquiry requiring examination of [a] Defendant's intent and knowledge." Daloisio v. Liberty Mut. Fire Ins. Co., 754 F. Supp. 2d 707, 710 (D.N.J. 2010).  But without facts pled in the Complaint suggesting grounds for punitive damages, the Court cannot "draw the reasonable inference that [defendants are]

8

8.  As it is not clear to the Court that amendment of the Complaint as to punitive damages would necessarily be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), Plaintiffs may move for leave to file an Amended Complaint under Rule 15, Fed. R. Civ. P. articulating specific facts supporting a prayer for punitive damages, within the time set in this case for amending pleadings, correcting the deficiencies noted above if they can do so.

9.  An accompanying Order will be entered.

| | |
|---|---|
| **January 26, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |

---

liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted); namely, the Complaint presents no grounds from which it is plausible that the Defendants in this unfortunate accident acted through exceptional circumstances of aggravation or outrage, such as spite or malice or a fraudulent or evil motive arising to conscious wrongdoing as required by New Jersey law.